## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x

JASON JAGHORI, individually and on
behalf of all others similarly situated,

           Plaintiff,

      v.

ARBY'S RESTAURANT GROUP, INC.
and INSPIRE BRANDS, INC.,

           Defendants.

------------------------------------------------------- x

CASE NO. 1:22-cv-05806

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Jason Jaghori ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his attorneys, brings this Class Action Complaint against Defendants Arby's Restaurant Group, Inc. and Inspire Brands, Inc. ("Defendants"), based upon personal knowledge as to himself, and upon information, investigation and belief of his counsel.

## SUMMARY OF THE ACTION

1.    This class action seeks to challenge Defendants' false and deceptive practices in the marketing and sale of Arby's Bacon Ranch Wagyu Steakhouse Burger and Deluxe Wagyu Steakhouse Burger (the "Products").

2.    Specifically, the use of the word "wagyu" in the names and descriptions of the Products leads reasonable consumers to believe that the beef in the Products is entirely wagyu beef. However, these practices are false and misleading because the beef used in the Products is not entirely wagyu beef. Instead, the beef patties used in the Products contain 48% regular angus beef.

3.      As such, the Products are falsely and deceptively advertised in violation of the New York's consumer protection laws.

4.      Plaintiff and Class members have reasonably relied on Defendants' deceptive naming and advertising of the Products, reasonably believing that the beef in the Products is entirely wagyu beef.

5.      Plaintiff and Class members purchased the Products and paid a premium price based on Defendants' advertising the Products as "wagyu," which is seen as a premium type of beef due to its unique taste and marbling of fat. Had Plaintiff and Class members been aware of the truth about the Products, they would not have purchased them, or would have paid significantly less for them. Accordingly, Plaintiff and Class members have been injured by Defendants' deceptive business practices.

## PARTIES

### I.      Plaintiff

6.      Plaintiff is a citizen of New York and currently resides in New York, New York. On May 23, 2022, Plaintiff purchased the Arby's Bacon Ranch Wagyu Steakhouse Burger from the Arby's located at 611 Eighth Avenue, New York, NY 10018 (Store #08085). Plaintiff purchased the Product based on an email advertisement he received from Arby's for the Products. The email advertised the Product as a "Wagyu Steakhouse Burger" and described the Product as a burger "with wagyu beef." Based on these representations, Plaintiff reasonably believed that the beef in the Product was made of entirely wagyu. A copy of the email advertisement is attached to this Complaint as **Exhibit A**. In purchasing the Product, Plaintiff did not see any disclaimer or other statement, either on the email advertisement, or in store, which stated that the Product contained regular angus beef. Had he known that the Product

also contained regular angus beef, he would not have purchased the Product or would have paid substantially less for it.

## II.    Defendants

7.    Defendant Arby's Restaurant Group, Inc. is a Delaware corporation and maintains its headquarters in Atlanta, Georgia. Defendant Arby's Restaurant Group, Inc., on its own and through its agents, is responsible for the formulation, ingredients, manufacturing, naming, advertising, marketing, and sale of the Products in the United States, including in New York, and specifically in this District.

8.    Defendant Inspire Brands, Inc. is a Delaware corporation and maintains its headquarters in Atlanta, Georgia. Defendant Inspire Brands, Inc. is the owner and parent company of Defendant Arby's Restaurant Group, Inc., and is therefore also responsible for the formulation, ingredients, manufacturing, naming, advertising, marketing, and sale of the Products in the United States, including in New York, and specifically in this District.

## JURISDICTION AND VENUE

9.    This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. §1332(d) in that: (1) this is a class action involving more than 100 Class members; (2) the parties are minimally diverse, as members of the proposed class are citizens of states different than Defendants' home state; and (3) the amount in controversy is in excess of $5,000,000, exclusive of interests and costs.

10.    This Court has personal jurisdiction over Defendants because they conduct and transact substantial business in New York, and intentionally and purposefully placed the Products into the stream of commerce within New York.

11.     Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial District. Namely, Plaintiff purchased one of the Products in this judicial District.

## FACTUAL BACKGROUND

12.     Arby's is an American fast food sandwich restaurant chain with more than 3,000 restaurants in the U.S.

13.     In May 2022, Arby's introduced two hamburgers for the first time ever on its menu. The two burgers are the "Bacon Ranch Wagyu Steakhouse Burger" and "Deluxe Wagyu Steakhouse Burger," the Products at issue in this litigation.

14.     Through false and deceptive naming and marketing practices, Defendants have misled consumers regarding the beef used in the Products.

15.     Specifically, the use of the word "wagyu" in the name and marketing of the Products leads reasonable consumers to believe that the beef in the Products comes entirely from wagyu cows.

16.     First, each of the Products includes the word "wagyu" in its name, leading consumers to believe that the beef in the Products comes entirely from wagyu cows. The deceptive use of the word "wagyu" in the naming of the Products is reinforced by the misleading marketing and advertising of the Products through various advertising platforms.

17.     For example, in their email marketing of the Products, Defendants describe the burgers as using "wagyu beef," but make no mention of their use of regular angus beef in the burgers. *See below.* The same is true for Defendants' description of the Products on food delivery apps, such as Postmates. *See below*.

4





Bacon Ranch Wagyu Steakhouse Burger

$12.18

A Wagyu beef burger topped with bacon, American cheese, shredded lettuce, tomato, pickles, red onions, and Parmesan Peppercorn Ranch on a toasted buttery brioche bun. Visit arbys.com for nutritional and allergen information.

**Make it a Meal or Sandwich Only?**
Required

○ Sandwich Only

ADD 1 TO CART • $12.18

18.     In reality however, the beef used in the Products is not entirely from wagyu cows.

Instead, the beef patties used contain 48% regular angus beef. Because the beef used in the

Product is not entirely wagyu beef, Defendants' practice of naming and marketing the Products as "wagyu" is misleading.

19.     As the entity ultimately responsible for the formulation, manufacturing, naming, advertising, and sale of the Products, Defendants are responsible for the accuracy of the information conveyed about the Products, including in their naming and marketing, such as in the email and social media advertisements for the Products.

20.     Defendants knew or should have known that naming and describing the Products as "wagyu" on the Products is deceptive, and that reasonable consumers would believe that the beef used in the Products is entirely wagyu beef.

21.     The false perception that the Products use solely wagyu beef is material to consumers' purchasing decisions because wagyu beef is universally seen as a premium beef due to its unique taste and marbling of fat. As such, wagyu beef commands a price premium over conventional beef.[1]

22.     Moreover, Defendants are well aware that consumers value and demand wagyu beef, as evident by the fact that the Products are the first ever hamburgers offered for sale at Arby's and were intentionally named and advertised as being "wagyu" burgers. Indeed, according to Defendant Arby's Chief Marketing Officer Patrick Schwing, "[b]oring burgers are a fast-food staple, so Arby's felt compelled to raise the bar with a Wagyu Steakhouse Burger. Instead of focusing on making billions of mediocre burgers, we're taking a stance on **_high-quality meat_** that deserves to be cooked properly."[2] (emphasis added). Mr. Schwing continued "[a]s meat

---

[1] https://ownthegrill.com/wagyu-vs-angus-beef/
[2] https://www.sacbee.com/news/nation-world/national/article261617427 html

experts, we've spent over two years of dedicated research and development to deliver a *premium* burger that redefines what's possible from a drive-thru."[3] (emphasis added).

23.     Plaintiff and other consumers were injured by the foregoing deceptive advertising because they paid a premium for the Products based on the false perception that the beef used in them is entirely wagyu beef. Had Plaintiff and other consumers known that the beef used in the Products was not entirely wagyu beef, they would have purchased a different product, or paid significantly less for the Products. As such, Plaintiff and members of the putative Classes have been injured.

## CLASS DEFINITIONS AND ALLEGATIONS

24.     Plaintiff brings this matter on behalf of himself and those similarly situated. Pursuant to Rule 23 of the Federal Rules of Civil Procedure (the "Rules" or "Rule"), Plaintiff seeks to represent the following class:

> All residents of the United States who purchased either of the Products within the applicable statute of limitation period ("Nationwide Class").

25.     Additionally, as further described herein, Plaintiff brings claims based upon state consumer protection laws on behalf of the following subclass:

> All residents of New York who purchased either of the Products within the applicable statute of limitation period ("New York Class").

26.     The Nationwide Class and New York Class are referred to collectively as the "Class" or "Classes."

---

[3] *Id.*

27.     The following people and entities are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and the members of their family; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or its parents have a controlling interest and their current employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

28.     This action is properly brought and should be maintained as a class action under Rule 23(a), satisfying the class action prerequisites of numerosity, commonality, typicality, and adequacy because:

29.     **Numerosity:** Members of each Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. The precise number of Class members is unknown to Plaintiff but is likely to be ascertained by the Defendants' records. At a minimum, there are likely at least tens of thousands of Class members.

30.     **Commonality:** There are questions of law and fact common to the proposed class(es). Common questions of law and fact include, without limitations:

    a.   whether Defendants' course of conduct alleged herein violates the statutes and other laws that are pled in this Complaint;

    b.   whether reasonable consumers are likely to be misled by the use of the word "wagyu" in the name and advertising of the Products;

    c.   whether Defendants knew or should have known that their "wagyu" representations were false or misleading;

d.   whether Defendants were unjustly enriched by retaining monies from the sale of the Products;

e.   whether certification of each Class is appropriate under Rule 23;

f.   whether Plaintiff and the members of each Class are entitled to declaratory, equitable, and/or other relief, and the scope of such relief; and

g.   the amount and nature of the relief to be awarded to the Plaintiff and the Classes.

31.   **Typicality:** Plaintiff's claims are typical of the other Class members because Plaintiff, as well as Class members, purchased the Products. Plaintiff and the members of the Classes relied on the "wagyu" representations made by the Defendants about the Products prior to purchasing the Products. Plaintiff and the members of each Class paid a price premium for Defendants' Products and would not have purchased them or would have paid substantially less for them had they known that the beef used in the Products was not entirely wagyu beef.

32.   **Adequacy:** Plaintiff is an adequate Class representative because his interests do not conflict with the interests of the Classes he seeks to represent; his claims are common to all members of the Classes and he has a strong interest in vindicating his and all other Class members' rights. Plaintiff has retained counsel competent and experienced in complex class action litigation and they intend to vigorously prosecute this action through judgment and appeal, if necessary.

33.   **Predominance:** Pursuant to Rule 23(b)(3), the common issues of law and fact identified in this Complaint predominate over any other questions affecting only individual members of the Classes. Class issues fully predominate over any individual issue because no inquiry into individual conduct is necessary; all that is required is a narrow focus on Defendants' misconduct detailed at length in this Complaint.

34.   **Superiority:** A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical. It would be unduly burdensome to have individual litigation of hundreds of thousands of individual claims in separate lawsuits, every one of which would present the issues presented in the Complaint/lawsuit. Further, because of the damages suffered by any individual Class member may be relatively modest in relation to the cost of litigation, the expense and burden of individual litigation make it difficult, if not impossible. Furthermore, many of the Class members may be unaware that claims exist against the Defendants.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 349
#### *(On Behalf of the New York Class)*

35.   Plaintiff repeats and realleges Paragraphs 1-34 as if fully set forth herein.

36.   New York General Business Law ("GBL") § 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in this state."

37.   The conduct of Defendants alleged herein constitutes recurring, "unlawful" deceptive acts and practices in violation of GBL § 349, and as such, Plaintiff and the New York Class seek monetary damages against Defendants.

38.   Defendants misleadingly, inaccurately, and deceptively advertise and market the Products to consumers.

39.   Defendants' improper consumer-oriented conduct—including naming and advertising the Products as using "wagyu" beef —is misleading in a material way in that it, *inter alia*, induced Plaintiff and New York Class Members to purchase and pay a premium for

Defendants' Products when they otherwise would not have. Defendants made their misleading statements and representations willfully, wantonly, and with reckless disregard for the truth.

40.    Plaintiff and the New York Class have been injured inasmuch as they paid a premium for Products that were—contrary to Defendants' representations—not entirely wagyu beef. Accordingly, Plaintiff and the New York Class Members received less than what they bargained and/or paid for.

41.    Defendants' deceptive and misleading practices constitute a deceptive act and practice in the conduct of business in violation of New York General Business Law §349(a) and Plaintiff and the New York Class have been damaged thereby.

42.    As a result of Defendants' "unlawful" deceptive acts and practices, Plaintiff and the New York Class are entitled to monetary, compensatory, statutory, treble and punitive damages, restitution and disgorgement of all moneys obtained by means of Defendants' unlawful conduct, interest, and attorneys' fees and costs.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 350**
*(On Behalf of the New York Class)*

43.    Plaintiff repeats and realleges Paragraphs 1-34 as if fully set forth herein.

44.    New York General Business Law § 350 provides, in part, as follows: "False advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful."

45.    GBL § 350-a(1) provides, in part, as follows:

> The term "false advertising" means advertising, including labeling, of a commodity, or of the kind, character, terms or conditions of any employment opportunity if such advertising is misleading in a material respect.  In determining whether any advertising is misleading, there shall be taken into account

11

(among other things) not only representations made by statement, word, design, device, sound or any combination thereof, but also the extent to which the advertising fails to reveal facts material in the light of such representations with respect to the commodity or employment to which the advertising relates under the conditions prescribed in said advertisement, or under such conditions as are customary or usual. …

46.     Defendants' naming and advertising of the Products as "wagyu" is a materially misleading representation inasmuch as the beef used in the Products is not entirely wagyu beef.

47.     Plaintiff and the New York Class Members have been injured inasmuch as they relied upon the naming and advertising of the Products and paid a premium for the Products which — contrary to Defendants' representations — did not contain entirely wagyu beef. Accordingly, Plaintiff and the New York Class received less than what they bargained and/or paid for.

48.     Defendants' labeling of the Products induced Plaintiff and the New York Class to buy Defendants' Products.

49.     Defendants made the "wagyu" representations willfully, wantonly, and with reckless disregard for the truth.

50.     As a result of Defendants' deceptive acts and practices, Plaintiff and New York Class are entitled to monetary, compensatory, statutory, treble and punitive damages, restitution and disgorgement of all moneys obtained by means of Defendants' unlawful conduct, interest, and attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF
### UNJUST ENRICHMENT
***(On behalf of the Nationwide Class, or in the alternative, the New York Class)***

51.     Plaintiff repeats and realleges Paragraphs 1-34 as if fully set forth herein.

52.     Plaintiff brings this claim for unjust enrichment individually and on behalf of the Nationwide Class, or in the alternative, the New York Class.

53.     Plaintiff and members of the Classes purchased Defendants' Products and paid a premium for the Products, as described in this Complaint. Defendants misrepresented that the Products are "wagyu" which commanded a price premium for the Products.

54.     Defendants had knowledge of such benefit and obtained the benefit by their misrepresentation because that misrepresentation induced reasonable consumers to purchase the Products when they would not otherwise have purchased them or purchased them at the advertised price.

55.     Defendants appreciated this benefit and knowingly accepted it at the expense of, and to the detriment of, Plaintiff and the Classes. Defendants currently retain this benefit.

56.     Defendants' acceptance and retention of the benefit is inequitable and unjust because the benefit was obtained by Defendants' misconduct detailed at length in this Complaint.

57.     Equity cannot in good conscience permit Defendants to be economically enriched for such action at the expense of Plaintiff and the Classes, and therefore restitution and/or disgorgement of such economic enrichment is required.

**<u>FOURTH CLAIM FOR RELIEF</u>**
**COMMON LAW FRAUD**
***(On behalf of Plaintiff and the New York Class)***

58.     Plaintiff repeats and realleges Paragraphs 1-34 as if fully set forth herein.

59.     Plaintiff brings this claim on behalf of himself and the New York Class.

60.     Defendants have willfully, falsely, and knowingly misrepresented that the beef used in the Products is solely comprised of wagyu beef when it is not.

61.     Defendants have therefore made knowing, fraudulent misrepresentations as to the Products.

62.     Defendants' misrepresentations were material (i.e., they affected Plaintiff and New York Class members' purchasing decisions given their importance), because they relate to the ingredients of the Products

63.     Defendants knew or recklessly disregarded the fact that the Products were not purely "wagyu" beef burgers as promised in the Products' naming and marketing.

64.     Defendants intended that Plaintiff and members of the New York Class rely on the wagyu representations, but if they had known the truth about the type of beef in the Products, they would have paid less for the Products or would not have purchased them at all.

65.     Plaintiff and members of the New York Class have reasonably and justifiably relied on Defendants' misrepresentations when purchasing the Products, and had Plaintiff and members of the New York Class known the truth about the Products, they would not have paid monies for the Products or would have paid less monies for the Products.

66.     For these reasons, Plaintiff and members of the New York Class have suffered monetary losses, including interest they would have accrued on these monies, as a direct and proximate result of Defendants' fraudulent conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of other members of the proposed Classes, respectfully requests that the Court enter judgment in Plaintiff's favor and against Defendants as follows:

a. Declaring that this action is a proper class action, certifying the Classes as requested herein, designating Plaintiff as Class Representative and appointing the undersigned counsel as Class Counsel;

b. A declaration or declaratory judgment that Defendants' conduct has violated and continues to violate the statutes and laws cited herein;

c. An order requiring imposition of a constructive trust and and/or disgorgement of Defendants' ill-gotten gains and to pay restitution to Plaintiff and members of the Classes to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, fraudulent or unfair business act or practice;

d. An award of damages, including all available statutory and punitive damages, pursuant to the statutes and the causes of action pled herein;

e. Distribution of any monies recovered on behalf of members of the Class via fluid recovery or *cy pres* recovery where necessary and applicable, to prevent Defendants from retaining the benefit of its wrongful conduct;

f. an award of all recoverable costs and expenses, including reasonable fees for Plaintiff's attorneys; and

g. an award of pre- and post-judgment interest to Plaintiff and members each of the Classes if applicable; and, ordering further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff and members of the Classes demand a jury trial on all issues so triable.

DATED: July 7, 2022                    **CUSTODIO & DUBEY, LLP**

                                   By:  ___/s/ Robert Abiri_____ _

                                   Robert Abiri (SBN 238681)
                                   *E-mail: abiri@cd-lawyers.com*
                                   445 S. Figueroa Street, Suite 2520
                                   Los Angeles, CA 90071
                                   Telephone: (213) 593-9095
                                   Facsimile: (213) 785-2899

                                   *Attorney for Plaintiff and the*
                                   *Putative Classes*